IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) )<br><br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>AVIATION PORT SERVICES, LLC )<br>Defendant. )<br>)<br>)<br>) | CIVIL ACTION NO. 1:18-cv-10909<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and retaliation, and to provide appropriate relief to Sagal Abdi, Haredo Ali, Suad Maow, Fatima Mohamud, Khaibo Mohamud, and Tassabih Sidik ("Aggrieved Individuals").  As alleged with greater particularity in paragraphs 12–22 below, the United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant, Aviation Port Services, LLC, discriminated against the Aggrieved Individuals on the basis of their religion when Defendant failed to accommodate the Aggrieved Individuals' religious practice and terminated their employment.  The EEOC further alleges that Defendant retaliated against the Aggrieved Individuals after the Aggrieved Individuals requested religious accommodations and complained of discrimination.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) (Title VII) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts, Boston Division.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been doing business in the State of Massachusetts and the city of Boston, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Sagal Abdi, Haredo Ali, Suad Maow, Fatima Mohamud, and Khaibo Mohamud filed charges with the EEOC alleging violations of Title VII by Defendant.

7.      On February 23, 2018, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to

join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful

employment practices and provide appropriate relief.

8.     The EEOC engaged in communications with Defendant to provide Defendant the

opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The EEOC was unable to secure from Defendant a conciliation agreement

acceptable to the EEOC.

10.    On March 22, 2018, the EEOC issued to Defendant a Notice of Failure of

Conciliation.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.    Since at least November 2016, Defendant has engaged in unlawful employment

practices at its facilities in Massachusetts, in violation of Section 703(a)(1) of Title VII, 42

U.S.C. § 2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C.§ 2000e-3(a), with respect to

the Aggrieved Individuals.  Specifically, as set forth below, Defendant denied the Aggrieved

Individuals religious accommodations, and Defendant discharged the Aggrieved Individuals

because of their religion and/or in retaliation for engaging in protected activity.

13.    The Aggrieved Individuals have a sincerely-held religious belief that, as followers

of Islam, they must dress modestly.  In accordance with this religious belief, the Aggrieved

Individuals wear modest clothing, such as long skirts, and do not wear short skirts or form-fitting

clothing.

14.    The Aggrieved Individuals all worked for Defendant as Passenger Service

Agents, with starting dates ranging from early to mid-2016.

15.     Defendant maintained a policy that required its female Passenger Service Agents to either wear pants or a knee-length skirt, both of which were provided by Defendant.

16.     Prior to November 2016, Defendant permitted the Aggrieved Individuals to work as Passenger Service Agents while wearing long skirts, in accordance with their religious practice.

17.     Between approximately November 2016 and mid-January 2017, Defendant informed the Aggrieved Individuals that these accommodations would not continue and that, pursuant to Defendant's uniform policy, they would no longer be permitted to wear long skirts.

18.     Between approximately November 2016 and mid-January 2017, Defendant told the Aggrieved Individuals that if they failed to start wearing the pants or knee-length skirts specified by Defendant's policy, their employment with Defendant would be terminated.

19.     Between approximately November 2016 and mid-January 2017, the Aggrieved Individuals informed Defendant that the pants and knee-length skirt, which Defendant's uniform policy specified that Passenger Service Agents wear, conflicted with their religious practice.

20.     Between November 2016 and mid-January 2017, the Aggrieved Individuals continued to work for Defendant as Passenger Service Agents while wearing long skirts.

21.     Between approximately November 2016 and mid-January 2017, the Aggrieved Individuals engaged in protected activity, including complaining to Defendant that they were being discriminated against based on their religion and requesting a religious accommodation to Defendant's uniform policy.

22.     On approximately January 14, 2017, Defendant terminated the Aggrieved Individuals' employment for failing to wear the pants or knee-length skirts specified by Defendant's uniform policy.

23.     The effect of the practices complained of in paragraphs 12–22 above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

24.     The unlawful employment practices complained of in paragraphs 12–22 above were intentional.

25.     The unlawful employment practices complained of in paragraphs 12–22 above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, its agents, its servants, its employees, its attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole the Aggrieved Individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12–22 above, in amounts to be determined at trial.

E.      Order Defendant to make whole the Aggrieved Individuals by providing

compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraphs 12–22 above, in amounts to be determined at trial.

F.      Order Defendant to pay the Aggrieved Individuals punitive damages for its

malicious and reckless conduct, as described in paragraphs 12–22 above, in amounts to be

determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

H.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.


Dated:  May 7, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

 /s/ Katie N. Linehan
KATIE N. LINEHAN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Tel:  (617) 565-2141
Fax:  (617) 565-3196
Katie.linehan@eeoc.gov